IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAH CHATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-346 Erie |
| ) | |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, U.S. POSTAL SERVICE ) | |
| AGENCY ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action was filed on November 16, 2005, with a Motion for Leave to Proceed in forma pauperis by pro se Plaintiff Leah Chatt. The motion was granted and the Complaint was filed on November 29, 2005.

The time for serving the Complaint expired and on April 10, 2006, we directed Plaintiff to serve the Complaint and Summons on defendant no later than May 5, 2006. On May 15, 2006, Plaintiff filed a return of service indicating that service was executed on the Defendant on May 5, 2006, by personal service at the United States Post Office, 2108 E. 38th Street, in Erie, Pennsylvania. It appearing that service still was not proper we again directed Plaintiff to effect proper service no later than August 21, 2006, and explained as follows:

> Defendant John E. Potter, Postmaster General, U.S. Postal Service Agency is sued in this action as a representative of a United States Agency. To the extent that Plaintiff is suing an agency of the United States Government or an officer or employee of the United States in an <u>official capacity</u> it appears that she has not properly effected service pursuant to Rule 4(i). To the extent that Plaintiff is suing an officer or employee of the United States in an <u>individual capacity</u>, she has failed to effect proper service upon Defendant sued in an individual capacity in the manner prescribed by Rule 4(i)(b) and Rule 4(e).

(Order, July , 2006, Doc. 8 (emphasis added).) On August 29, 2006, Plaintiff filed a return of service indicating that service was made by certified mail on the United States Attorney in Erie,

Pennsylvania, on August 21, 2006, and on the United States Attorney General in Washington, D.C. on August 24, 2006.

On October 11, 2006, Defendant filed a motion to dismiss seeking dismissal of the Complaint for failure to properly serve the Complaint on Defendant John E. Potter, Postmaster General. (Doc. 10.) Defendant points out that despite the Court's July 10, 2006 Order highlighting for the Plaintiff that she had not complied with Federal Rule of Civil Procedure 4(i), she still failed to properly effect service on Defendant pursuant to Federal Rule of Civil Procedure 4(i). Specifically, as the Court already explained, Defendant states that "Service upon the agency or department head as in this case, John E. Potter, Postmaster General, can only be effectuated by service upon him in accordance with F.R.Civ.P. 4(i)(2)(a), and if he is named in his individual capacity, pursuant to 4(i)(2)(B)." (Defendant's Motion to Dismiss, at ¶ 11.)

In response, Plaintiff complained that

> No where in this process was I told that I had to adhere to federal rule CIV.p. 4(i)(2)(A) or serve the Postmaster General. I filed in the proper time limits based on what is put out in orientation. Nowhere does it say that I need or will need to serve the Postmaster General.

(Plaintiffs Response, at 1.) In addition, she explains that she does not have the resources to seek the services of an attorney.

It appears from this response that Plaintiff may be relying on EEOC time limits for filing complaints, though it is unclear what she means by "orientation." In addition, even though the Court guided her to Rule 4(i), she complains that such guidance was insufficient since the Court did not specifically cite Rule 4(i)(2(A). Her comment that "[n]owhere does it say that I need or will need to serve the Postmaster General," is inexplicable given that her Complaint names the Postmaster General as Defendant. Plaintiff apparently believes she need do no more than what she is told to prosecute this action. This is not true.

Plaintiff is responsible for prosecuting her own action, which includes effecting proper service of the Complaint and Summons on Defendant. We caution Plaintiff as to relying on her pro se status as an excuse for failure to follow applicable rules. "Filing a Complaint pro se does not

2

exempt a plaintiff from pleading essential elements of [her] claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." Jones v. Omni Bank, 1998 WL 761869, *5 (E.D.Pa. 1998), citing McNeil v. United States, 508 U.S. 106, 113 (1993). See also Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977) (right of self-representation is not a license excusing compliance with relevant rules of procedural and substantive law). Here, Plaintiff is blatantly stating that she is deliberately not paying attention to the "ordinary rules of civil procedure" and is instead hoping that she will be told exactly what to do.

Because Plaintiff is proceeding pro se, and because her failure to effect proper service is not meant to delay the case or prejudice the Defendant, we will permit her a reasonable time to properly effect service on the Defendant. See Fed.R.Civ.P. 4(i)(3) & (m). In this case, Plaintiff has partially complied with Rule 4(i) by effecting proper service upon the United States Attorney in Erie, Pennsylvania, in accordance with Rule 4(i)(1)(A). In addition, it appears that Plaintiff has also complied with Rule 4(i)(1)(B), which requires that service upon the United States shall be effected by "sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia." However, plaintiff has failed to serve John E. Potter, Postmaster General pursuant to Rule 4(i)(1)(A), which requires, in addition to complying with Rule 4(i)(1), that service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, shall be effected by mailing of a copy of the summons and of the complaint by registered or certified mail to the officer, employee, agency, or corporation of the United States. See Fed.R.Civ.P. 4(i)(2)(A).

We do not know if Plaintiff is suing John E. Potter, Postmaster General, in his individual capacity. As noted by Defendant, Plaintiff's Complaint lacks information, though she did add details in her response to the motion to dismiss (though we warn Plaintiff that the details provided in her response are not part of her Complaint). It is the Plaintiff whom decides who she wants to sue and in what capacity. In any event, it is Plaintiff's responsibility to effect proper service in accordance with the rules, whether the specific rule is cited by the Court or the Defendant. We note

3

in response to our previous Orders Plaintiff has chosen to wait until the last possible moment to attempt to comply with our Orders. In both cases she submitted returns of service indicating that service was effected on the last possible date (and in one case three days late). There is no requirement that Plaintiff has to serve on the last date possible. Her case will move forward faster the sooner she effects proper service.

We conclude with a final warning to Plaintiff that she cannot rely on her pro se status for failure to comply with the rules or Court Orders. Pro se status does not entitle a party to any particular advantage because of his or her lack of legal training. First Union Mortgage Corp. v. Frempong, 744 A.2d 327, 333 (Pa.Super. 1999). Any "layperson choosing to represent himself in legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." Vann v. Unemployment Compensation Board of Review, 494 A.2d 1081, 1086 (Pa. 1985). To the extent that Plaintiff cannot afford an attorney we note that local Legal Services do exist that may, we emphasize may, be able to assist her, such as Northwestern Legal Services, located in Erie.

The following Order is entered.

AND NOW, to-wit, this __8th__ day of November, 2006, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant's Motion to Dismiss is hereby DENIED without prejudice.

2. Plaintiff shall make proper service of the summons and complaint no later than December 8, 2006.

3. Plaintiff is HEREBY on NOTICE that failure to effect proper service of process by December 8, 2006, shall result in dismissal of the action in accordance with Federal Rule of Civil Procedure 4(m).

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

4