### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEAH CHATT,                              )
                                         )
    Plaintiff,                    )
                                         )
    v.                            )    Civil No. 05-346 Erie
                                         )
JOHN E. POTTER, POSTMASTER               )
GENERAL, U.S. POSTAL SERVICE             )
AGENCY                                   )
                                         )
    Defendant.                    )

## Opinion

This employment discrimination action was filed on November 16, 2005, with a Motion for

Leave to Proceed in forma pauperis by pro se Plaintiff Leah Chatt. The motion was granted and the

Complaint was filed on November 29, 2005. Plaintiff failed to properly serve the Complaint on

Defendant until December 6, 2006. (*See* Doc. 13 for the history of Plaintiff's difficulties with

service.) Presently before the Court is Defendant's Motion to Dismiss the Complaint. For the

reasons that follow we will grant Defendant's motion and dismiss this action.

### I. Background

Ms. Chatt asserts that the Defendant Postmaster General discriminated against her because

of her gender in violation of Title VII of the Civil Rights Act of 1967 (42 U.S.C. § 2000(e) *et seq*.).

Ms. Chatt was employed by the United States Postal Service as a temporary clerk on successive

ninety-day appointments starting in June, 2000. (Def. Ex. 1, Notification of Personnel Action.) In

January 2003, Ms. Chatt's new acting supervisor began work. According to Ms. Chatt, the new

supervisor began sexually harassing her. Despite Ms. Chatt's complaints to other supervisors, the

sexual harassment continued until she was terminated on June 27, 2003.

In November, 2003, Ms. Chatt inquired with the Post Office about returning to work as a

casual employee in December, after which she would begin ninety-day casual clerk appointments

beginning in January.  This was how it had always worked for Ms. Chatt in the past, except this time, she was told that the Post Office was not hiring clerks for December.  However, Ms. Chatt discovered that in fact the Post Office was hiring temporary clerks for December.

Ms. Chatt then initiated the administrative process by contacting an Equal Employment Opportunity investigator on February 17, 2004.  (Def. Ex. 2, EEO Request for Counseling Form.) She filed an EEOC Administrative Complaint on April 9, 2004, alleging sex discrimination and harassment/retaliation beginning from February 3, 2003.  (Def. Ex. 3, EEOC Complaint of Discrimination in the Postal Service.)  Ms. Chatt's Complaint was dismissed on May 28, 2004, for failure to comply with the applicable time limits contained in C.F.R. § 1614.105(a)(1)..  (Def. Ex. 4, Dismissal of Formal EEO Complaint.)  In the Dismissal of her Complaint her failure to comply with the time limits was explained in detail as follows:

> Under part 29 C.F.R. 1614.105(a)(1), an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory.  In the instant complaint, evidence of record indicates that complainant did not contact a Counselor until February 17, 2004, approximately one (1) year after the alleged discriminatory actions began on February 4, 2003, and approximately eight (8) months after her casual appointment was terminated on June 27, 2003.

(Def. Ex.4, at 1.)

Ms. Chatt's appeal of the dismissal of her complaint was denied October 26, 2004.  (Def. Ex. 5, Office of Federal Operations Decisions.)  Her request for reconsideration was denied on August 11, 2005.  (Def. Ex. 6, Office of Federal Operations Denial Letter.)  Thereafter, Ms. Chatt filed the instant Complaint.

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of the claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir.1985).  "A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations

2

in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, *Ga.*, 433 U.S. 25, 27 n.2 (1977)

Under Rule 12(b)(6), "it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)); see also Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000). "'Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court.'" Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002) (quoting 62 Fed.Proc., L.Ed. § 62:508). Here, Defendant has included seven documents directly related to the basis of Plaintiff's claim, and Plaintiff does not question their authenticity. Pryor, 288 F.3d at 560. In addition, in Reply to Plaintiff's argument set forth in her Response to Defendant's Motion to Dismiss, Defendant attached an Affidavit of John H. Patton. (Reply to Plaintiff's Response.)

## III.    Discussion

Defendant argues that Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. Specifically, Defendant argues that Ms. Chatt failed to initiate contact with an Equal Employment Opportunity counselor concerning her complaints of sex discrimination within 45 days in accordance with 29 C.F.R. § 1614.105(a)(1). We agree.

Ms. Chatt last day of work was June 27, 2003. She did not initiate contact with a Counselor until February 17, 2004, well beyond the 45-day time limit. In her Response, Ms. Chatt asserts that she should be excused because she was unaware of the 45-day time limit. (Response to Motion to Dismiss, at 1-2.) However, during the administrative process the EEOC's investigation revealed

that the appropriate EEO counselor contact time limits was properly displayed at the Post Office where Ms. Chatt worked. (Def. Ex. 4, at 2.) In addition, Defendant has provided an Affidavit from John Potter, the Manager, Distribution Operations, Erie General Mail Facility, Erie, Pennsylvania, in which he states that an appropriate EEO poster with the relevant information, including time limits for initiating contact, has been displayed at the employee entrance of the of the facility. (Def. Ex. 1 to Reply, at ¶ 2.) The Poster was obvious and apparent and securely enclosed in a glass case between the employee entrance and an employee time clock. (*Id.*) Standard Equal Employment Opportunity posters posted in regularly trafficked areas are sufficient to put an employee on constructive notice of the relevant rules and time limits. *Hatcher v. Potter*, 2005 WL 3348864, *4-*5 (E.D.Pa. Dec 07, 2005), *aff'd*, 196 Fed.Appx. 120, 2006 WL 2441695 (3rd Cir. Aug 23, 2006)(both citing *Clark v. Runyon*, 116 F.3d 275, 277 (7th Cir.1997), and *Johnson v. Runyon,* 47 F.3d 911, 918 (7th Cir.1995).) Moreover, Ms. Chatt admits that the employee entrance is a heavily trafficked area. (Response to Motion to Dismiss, at 1.)

Section 1614.105(a)(2) of the Code sets forth circumstances where compliance with the 45-day limit may be excused, as follows:

> The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know . . . that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

Ms. Chatt's only explanation for not complying with the 45-day time limit was that she did not know about the time limit. However, she must also show that she was not otherwise aware of the time limit. Based on the pleadings and evidence before us we find that the appropriate EEO poster was displayed in a location "where postal employees worked and by which they regularly passed, and that the contents of the notice[] [was] reasonably geared to inform employees like [Chatt] of their rights, how to enforce those rights, whom to contact, and the time within which employees must act." *Clark* , 116 F.3d at 277, citing *Johnson*, 47 F.3d at 918. Therefore, Ms. Chatt was on

constructive notice of the applicable time limit.  Ms. Chatt does not allege any other reasons for her failure to comply with the 45-day time limit.  Accordingly, we will grant Defendant's motion to dismiss for failure to exhaust administrative remedies and dismiss this action.

Defendant's also argue that Ms. Chatt's Complaint should be dismissed because it was filed beyond the applicable statute of limitations.  Defendant argues that the date the Complaint was filed, November 29, 2005, is beyond the 90-day time limit for bringing an action. Ms. Chatt had 90 days to file her action after the August 11, 2005 EEOC's final decision was presumed to have been received by her.  The presumed receipt date was August 16, 2005, while the actual receipt date for the Postal Service was August 19, 2005.  Defendant argues that Ms. Chatt's action was filed beyond 90 days regardless of which date we calculate the time from.  Defendant uses November 29, 2005 as the filing date of the Plaintiff's Complaint.  However, Plaintiff filed her motion for leave to proceed in forma pauperis, with a copy of the Complaint, on November 16, 2005.  The Complaint was formally filed only after the Court granted Ms. Chatt's motion.  Ms. Chatt had no control over when the Court would act on her motion.  Thus, under the facts as we know them at this point, Ms. Chatt did file her Complaint within 90 days of August 19, 2005.  Accordingly, we will deny Defendant's motion to dismiss for failure to comply with the limitations period.

An appropriate Order will be entered.

Date _May 17, 2007_

_Maurice B. Cohill. Jr._
Maurice B. Cohill, Jr.,
Senior United States District Judge

5